UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATM SHAFIQUL KHALID, an individual and on behalf of similarly situated, XENCARE SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORP., a Washington Corporation, and JOHN DOE *n*, <br><br> Defendants. | CASE NO. C19-0130 RSM <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND PARTIALLY GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT |

## I.  INTRODUCTION

This matter comes before the Court on pro se Plaintiff ATM Shafiqul Khalid's Motion for Reconsideration. Dkt. #27. On September 4, 2019, this Court granted Defendant Microsoft Corporation ("Microsoft")'s Motion to Dismiss, which dismissed Plaintiff's claims with leave to file an amended complaint. Dkt. #20. On October 2, 2019, Plaintiff filed an appeal to the Ninth Circuit, which was dismissed for lack of jurisdiction on October 25, 2019. Dkt. #23. Plaintiff now moves this Court to reconsider its order and requests certification for interlocutory appeal. Dkt. #27. The Court has determined that response briefing from Microsoft is unnecessary. *See* Local Rules W.D. Wash. LCR 7(h)(3).

## II. BACKGROUND

A full background of this case is not necessary given this Court's previous order on Plaintiff's claims against Microsoft. Dkt. #20. This action arises out of Plaintiff's dispute with his former employer, Microsoft, regarding an employment agreement he signed when he accepted a position as Senior Program Manager in Microsoft's Bing division ("the Employee Agreement"). The Employee Agreement assigned certain intellectual property rights to Microsoft for inventions Plaintiff developed during his employment at Microsoft starting January 2012 until his termination in February 2015. Dkt. #7 at ¶¶ 17, 21. Plaintiff claims that he provided Microsoft with an invention exclusion list (the "Exclusion List") denoting nine patentable items that should have been excluded from the Employee Agreement. *Id.* at ¶¶ 13, 16, 18.

On January 28, 2019, Plaintiff filed this action against Microsoft alleging eleven claims. Dkt. #1. The Court dismissed six of Plaintiff's claims with prejudice, including: forced labor under the Thirteenth Amendment (Count 4), a RICO claim for forced labor (Count 5), civil rights claims under 42 U.S.C. § 1983 and § 1985 (Counts 6, 12) fraud (Count 8), and a claim for declaratory relief for a Fourteenth Amendment violation (Count 10). Dkt. #20 at 22. The Court granted Plaintiff leave to file an amended complaint for his Sherman Act claims (Counts 1 and 2), his RICO claim for extortion (Count 3), and claims for declaratory relief for violation of RCW 49.44.140 and inequitable conduct (Counts 9 and 11).

Plaintiff filed an earlier motion for reconsideration on October 28, 2019 requesting the Court to reconsider its order dismissing his claims. Dkt. #24. The instant motion is nearly identical to Plaintiff's original motion but adds a request for certification for interlocutory appeal. *See* Dkt. #27 at 2. Plaintiff clarifies that the November 18, 2019 motion, Dkt. #27, "replaces the premature earlier motion" filed on October 28. *Id.* Because the filings are almost

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION AND PARTIALLY GRANTING
EXTENSION OF TIME TO FILE AMENDED COMPLAINT - 2

indistinguishable, the Court will limit its consideration to the instant motion and hereby STRIKES Plaintiff's first motion for reconsideration, Dkt. #24, as moot.

### III. DISCUSSION

#### A. Plaintiff's Leave to Amend

As an initial matter, the Court finds it necessary to clarify for Plaintiff the scope of this Order. This Order only reconsiders the Court's previous decision to dismiss certain claims as they were presented in Plaintiff's first amended complaint, Dkt. #7, and considers his request for certification for interlocutory appeal. It does not examine new allegations presented for the first time in Plaintiff's Motion for Reconsideration, including Plaintiff's "Proposed Second Amended Complaint" filed as an exhibit. *See* Dkt. #27-1. The Court has already granted Plaintiff leave to amend his complaint with respect to Counts 1–3, 9 and 11. *See* Dkt. #20 at 22. To the extent that Plaintiff wishes to allege new facts related to those claims, he should include them in a Second Amended Complaint filed as its own docket entry.

#### B. Plaintiff's Untimely Motion for Reconsideration

Although Plaintiff styles the motion as one to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), no judgment was entered as a result of the Court's previous order. *See* Dkt. #20. Accordingly, Plaintiff's Motion is properly treated as one for reconsideration pursuant to Local Rules W.D. Wash. LCR 7(h).

Motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h). Here, the Court issued its order granting Microsoft's motion to dismiss on September 4, 2019. Dkt. #20. The deadline to file a motion for reconsideration was therefore no later than September 18, 2019. This deadline elapsed before Plaintiff filed his appeal to the Ninth Circuit on October 2, 2019. Because Plaintiff did not file either of his motions for

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION AND PARTIALLY GRANTING
EXTENSION OF TIME TO FILE AMENDED COMPLAINT - 3

reconsideration until October 28, 2019 and November 18, 2019, respectively, both motions are untimely. *See* Dkts. #24, #27. For this reason alone, denial of Plaintiff's motion is appropriate.

Even if the Court affords pro se Plaintiff "the benefit of any doubt" and considers the merits of his motion, *see Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), this district's local rules limit motions for reconsideration to six pages. *See* Local Rules W.D. Wash. LCR 7(e)(1). For this reason, the Court's review is properly limited to the first six pages of Plaintiff's Motion. *See* Dkt. #27 at 2-7.

**C. Legal Standard**

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. Plaintiff raises several arguments here that he failed to present in his opposition to Microsoft's motion to dismiss. *Compare* Dkt. #17 *with* Dkt. #27. For that reason, a substantial portion of Plaintiff's Motion improperly argues theories of the case that he could have presented earlier. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). ("A Rule 59(e) motion may *not* be used to raise arguments . . . when they could reasonably have been raised earlier in the litigation.") (emphasis in original). However, even considering the merits of Plaintiff's Motion, the Court finds denial warranted.

Plaintiff asks the Court to reconsider its ruling on several grounds. First, he claims that he meets the class requirement under 42 U.S.C. § 1985 because "inventors" are a protected class under Article I, Section 8 of the U.S. Constitution. Dkt. #27 at 2. This provision reads, in part: "The Congress shall have Power . . . To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries;" U.S. Const. art. I, § 8, cl. 8. This language authorizes Congress to

pass laws that protect the property rights of authors and inventors. It does not make inventors a protected class subject to civil rights protections. Moreover, the Court's decision to dismiss Plaintiff's § 1985 claim was not predicated on whether inventors constituted a protected class. The Court granted dismissal because Plaintiff had failed to make even the barest allegations of class-based animus. *See* Dkt. #20 at 16. In addition to his Section 1985 claim, Plaintiff also raises an argument related to his Section 1983 argument: "Patent right doesn't require state action for 42 USC § 1983." Dkt. #7 at 2. He provides no relevant case law in support of this claim, which contradicts well-established precedent that Section 1983 claims against private actors require a state nexus. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) ("§ 1983 makes liable only those who act under color of state law") (internal quotations omitted)). Accordingly, the Court finds no manifest error of law in its decision to dismiss Plaintiff's civil rights claims with prejudice.

Next, Plaintiff argues that his forced labor claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 et seq., applies to both labor and labor service, as well as both completed and attempted forced labor, and Plaintiff could not "walk away free from his accumulated labor of 30,000 hours and future patent continuance and maintenance labor without giving Microsoft a free license . . . in the face of 'serious harm'." Dkt. #27 at 2. The TVPRA defines a victim of forced labor as someone coerced to work against his or her will because of serious harm or threat of serious harm. *See* 18 U.S.C. 1589(a)-(b). Plaintiff's Motion claims that walking away from his patent work would be "suicidal." Dkt. #27 at 2. However, as the Court previously stated, "Plaintiff has not been coerced into continue working on his patents against his will. On the contrary, he *wants* to continue working on his patent family because of the time and money already invested but may voluntarily choose *not* to do so because of Microsoft's alleged scheme that contaminated his patents." Dkt. #20 at 11 (emphasis in original).

For these reasons, regardless of whether Plaintiff characterizes Microsoft's actions as coercion or attempted coercion, the Court finds no manifest error of law in its previous decision to dismiss Plaintiff's forced labor claim with prejudice.

Third, Plaintiff argues that the Court erred in finding his fraud claim barred by the statute of limitations. Dkt. #27 at 2. Plaintiff cites RCW 4.16.080(4), which states that the cause of action in a fraud case is "not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud . . . ." RCW 4.16.080(4). Plaintiff raises the same argument considered and rejected by the Court in its previous order that the May 27, 2016 M&G letter was the first time that Plaintiff was made aware of Microsoft's fraud. Dkt. #20 at 18 (citing Dkt. #7 at ¶ 49). The Court found that even if it liberally applied the discovery rule to Plaintiff's case, his fraud claim is untimely. His complaint makes clear that by July 9, 2015 at the latest, he was aware of Microsoft's intention to deny existence of the Exclusion List. Dkt. #20 at 18 (citing Dkt. #7 at ¶ 46). Plaintiff's fraud claim, *see* Dkt. #7 at ¶¶ 134-151, therefore began tolling no later than July 9, 2015. Because Plaintiff did not file this action until January 28, 2019, the three-year limitations period had already expired. Accordingly, the Court finds no manifest error in its decision that Plaintiff's fraud claim is time-barred.

Fourth, Plaintiff argues that the Employee Agreement "illegally combines Employee's private asset with the corporation's asset" which "is illegal under RCW 49.44.140 [and] is subject to anti-trust scrutiny." Dkt. #27 at 3. Plaintiff also argues that the "[i]ntra-corporation conspiracy doctrine does not extend to parties in competition because that is opposite to unity rule under the doctrine." *Id*. He also claims that the doctrine does not apply to terminated employees and "can't detach patent right from Khalid that had been secured by US constitution Section 8, Clause 8 as absolute freedom." *Id.*

The Court is unclear which claim Plaintiff's argument refers to, given that he brought two anti-trust claims under Sections 1 and 2 of the Sherman Antitrust Act. *See* Dkt. #20 at 7-10. However, this argument appears to address his claim under Section 1, which the Court dismissed without prejudice for failure to allege a contract or conspiracy among multiple entities. *See id.* at 7-8. The Court found that because Section 1 of the Sherman Act does not reach wholly unilateral conduct by a single entity, the Employee Agreement between Plaintiff and Microsoft cannot comprise a "conspiracy" or "contract" between multiple entities. Plaintiff's Motion provides no basis for reconsidering this analysis of his first amended complaint. However, because this Court dismissed his anti-trust claims without prejudice, Plaintiff may still file a second amended complaint to address these deficiencies.

Fifth, Plaintiff challenges the Court's finding that two of his claims for declaratory relief are unripe. Plaintiff seeks a declaratory judgment that the "right of first refusal" clause of Section 5 of the Employee Agreement violates RCW 49.44.140(1) and is generally inequitable. The Court previously found that both claims were unripe since Plaintiff's claims do not implicate the "right of first refusal" clause under Section 5. Rather, as stated in his first amended complaint, Plaintiff's claims against Microsoft arise from whether he submitted an Exclusion List under Section 6 of the Employee Agreement. *See* Dkt. #20 at 20-21. Plaintiff argues that the Court erred in dismissing his claims because Microsoft never paid for the rights to his patents, interfered with his rights as an inventor under Article 1, Section 8, Clause 8 of the U.S. Constitution, and created "material risk of harm" pursuant to *In Re Horizon Healthcare Services Inc. Data Breach*, 846 F. 3d 625 (3rd Cir. 2017). Dkt. #27 at 3.

As stated above, Article 1, Section 8 of the Constitution sets forth Congress' authority to pass laws protecting creative property and is inapplicable here. *Horizon Healthcare* is likewise inapposite since it addressed whether U.S. Supreme Court case *Spokeo* changed the standard for

injury-in-fact when analyzing standing. *See id.* at 637 (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)). Here, the Court dismissed Plaintiff's claims for declaratory relief for lack of actual case or controversy since his claims arose from Section 6 of the Employee Agreement—not the "right of first refusal" clause under Section 5. *See* Dkt. #20 at 20-21. Finally, Plaintiff's argument in the instant motion that "Microsoft never paid for the rights to his patents" appears unrelated to the "right of first refusal" clause and likewise does not change the Court's analysis of his first amended complaint. However, to the extent that Plaintiff wishes to assert new facts or allegations related to his "right of first refusal" claims, he may do so in his second amended complaint. *See* Dkt. #20 at 23 (dismissing Counts 9 and 11 without prejudice).

### D. Request for Interlocutory Appeal

Plaintiff also requests that the Court certify the issues raised in the instant motion for interlocutory appeal. Dkt. #27 at 2. As a general rule, an appellate court should not review a district court ruling until after the entry of final judgment. *See* 28 U.S.C. §1291. Accordingly, a party seeking review of a nonfinal order must first obtain consent of the trial judge. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). The requirements for certification are that the case present a "controlling question of law" as to which there is "substantial ground for difference of opinion," and that an immediate appeal from the Order may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party seeking certification bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers,* 437 U.S. at 475, (1978) (quoting *Fisons, Ltd. v. United States,* 458 F.2d 1241, 1248 (7th Cir. 1972)).

Applying the three-factor test, the Court finds no exceptional circumstances warranting certification. For those claims dismissed without prejudice, including anti-trust claims and requests for declaratory judgment, Plaintiff was granted leave to amend. Accordingly, there is no

controlling issue of law as to those claims that would affect the outcome of this litigation in this Court, nor would the appeal help to speed the ultimate resolution of the case. For those claims dismissed with prejudice, the issues Plaintiff would assert on appeal are: (a) whether "inventors" comprise a protected class for claims under 42 U.S.C. § 1985; (b) whether Microsoft's alleged patent-grabbing scheme may constitute "forced labor" under the TVPRA; and (c) whether Plaintiff's fraud claim is time-barred where he discovered the alleged fraud more than three years before filing the complaint.

First, Plaintiff's § 1985 claim was dismissed with prejudice because Plaintiff failed to make even the barest allegations of class-based animus. *See* Dkt. #20 at 16. For that reason, the issue of whether "inventors" comprise a protected class is not a controlling issue of law. As to the remaining two claims, the Court finds no substantial grounds for difference of opinion. Plaintiff has failed to cite any relevant, analogous, or controlling cases showing any difference of opinion on either the scope of the TVPRA or the three-year time bar for fraud cases in Washington state. On the contrary, both issues are borderline frivolous given the plain language of the TVPRA, which was passed to reach cases of modern-day human trafficking, and the time-bar under RCW 4.16.080(4), which starts the clock once the fraud is discovered. Lastly, certifying any of these issues would not materially advance termination of the litigation. The Court's previous order identified Plaintiff's actionable claims and granted Plaintiff the opportunity to amend those claims in a revised complaint. Accordingly, granting certification at this stage would only further delay resolution of this matter.

**E. Plaintiff's Motion to Extend Time**

Plaintiff has also filed a motion to extend his time to file a second amended complaint. Dkt. #25. This Court previously ordered Plaintiff to file an amended complaint within thirty days of its order granting Microsoft's motion to dismiss. Dkt. #20 at 23. Plaintiff incorrectly assumes

that filing his Ninth Circuit appeal automatically stayed this case from October 2 to November 18, 2019. Dkt. #27 at 5. However, the Federal Rules of Appellate Procedure require that a party seeking to stay a district court's order pending an appeal file a motion in the district court to obtain that relief. *See* Fed. R. App. P. 8(a)(1). Plaintiff never filed a motion with this Court to request a stay. Accordingly, he was required to file his amended complaint by October 4, 2019. The Court notes, however, that Plaintiff attached a "proposed draft complaint" as an exhibit to each of his Motions for Reconsideration. *See* Dkts. #24-1; #27-1.

In the interest of affording a pro se plaintiff "the benefit of any doubt," *Alvarez*, 518 F.3d at 1158, the Court will provide Plaintiff with an additional seven (7) days from the date of this Order to file a Second Amended Complaint. Plaintiff is directed to file his Second Amended Complaint as its own docket entry—not as an exhibit or attachment to any other document. Plaintiff's Motion to Extend Time to file his second amended complaint, Dkt. #25, is therefore GRANTED IN PART.

## IV. CONCLUSION

Having reviewed Plaintiff's Motion and the remainder of the record, it is hereby ORDERED:

(1) Plaintiff's Motion for Reconsideration, Dkt. #24, is STRICKEN as moot.

(2) Plaintiff's Second Motion for Reconsideration, Dkt. #27, is DENIED.

(3) Plaintiff's request for certification for interlocutory appeal, Dkt. #27, is DENIED.

(4) Plaintiff's Motion to Extend Time, Dkt. #25, is GRANTED IN PART. Plaintiff is ORDERED to file a Second Amended Complaint within seven (7) days of this Order regarding Counts 1–3, 9 and 11 only.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION AND PARTIALLY GRANTING
EXTENSION OF TIME TO FILE AMENDED COMPLAINT - 10

DATED this 21st day of November 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE