THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATM SHAFIQUL KHALID, an individual and on behalf of similarly situated, Xencare Software, Inc., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington Corporation, John Doe *n*, <br><br> Defendant. | Case No. 2:19-cv-00130 <br><br> **MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> NOTE ON MOTION CALENDAR: JANUARY 10, 2020 |

MOTION TO DISMISS SECOND AMENDED COMPLAINT

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7863721.2

## Table of Contents

Page

I. Introduction ............................................................................................................... 1

II. Background ............................................................................................................. 1

 A. Mr. Khalid's First Amended Complaint ....................................................... 1

 B. The Court's September Order ........................................................................ 3

 C. Mr. Khalid's Appeal ...................................................................................... 3

 D. Mr. Khalid's First and Second Motions for Reconsideration ....................... 3

 E. Mr. Khalid's Second Amended Complaint .................................................... 4

 F. Mr. Khalid's Third Motion for Reconsideration and Motion for Leave to File a Third Amended Complaint ........................................................................................ 5

III. Argument ................................................................................................................ 5

 A. Standard ......................................................................................................... 5

 B. Claims Previously Dismissed with Prejudice ................................................ 6

 C. Sherman Act Claims ...................................................................................... 6

 D. RICO ............................................................................................................... 9

 E. Declaratory Relief ......................................................................................... 11

 F. Dismissal with Prejudice .............................................................................. 13

IV. Conclusion ............................................................................................................ 13

-i-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7863721.2

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abagninin v. AMVAC Chem. Corp.*,
　545 F.3d 733 (9th Cir. 2008) ...............................................................................................13

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ...............................................................................................................5

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ...............................................................................................................8

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
　824 F.3d 1156 (9th Cir. 2016) ................................................................................................6

*Copperweld Corp. v. Independence Tube Corp.*,
　467 U.S. 752 (1984) ...............................................................................................................7

*Eclectic Props. E. v. Marcus & Millichap Co.*,
　751 F.3d 990 (9th Cir. 2014) .........................................................................................11, 12

*Gov't Emps. Ins. Co. v. Dizol*,
　133 F.3d 1220 (9th Cir. 1998) ..............................................................................................12

*Ill. Tool Works Inc. v. Indep. Ink, Inc.*,
　547 U.S. 28 (2006) .................................................................................................................9

*Image Tech. Servs. v. Eastman Kodak Co.*,
　125 F.3d 1195 (9th Cir. 1997) ................................................................................................9

*Khalid v. Microsoft Corp.*,
　No. 19-35841 (9th Cir. Oct. 25, 2019) ...............................................................................3, 4

*Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*,
　551 U.S. 877 (2007) ...............................................................................................................8

*Lopez v. Smith*,
　203 F.3d 1122 (9th Cir. 2000) ..............................................................................................13

*N.C.C.A. v. Bd. of Regents of Univ. of Okla.*,
　468 U.S. 85 (1984) .................................................................................................................7

*Nat'l Flood Servs., Inc. v. Torrent Techs., Inc.*,
　2006 WL 1518886 (W.D. Wash. May 26, 2006) ...................................................................7

-ii-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7863721.2

*NYNEX Corp. v. Discon, Inc.*,
   525 U.S. 128 (1998) ...........................................................................................................8

*Ralph C. Wilson Indus., Inc. v. Chronicle Broad. Co.*,
   794 F.2d 1359 (9th Cir. 1986) ...........................................................................................8

*Sosa v. DIRECTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006) ...........................................................................................11

*United Bhd. of Carpenters & Joiners v. Bldg. & Const. Trades Dep't, AFL-CIO*,
   770 F.3d 834 (9th Cir. 2014) .....................................................................................10, 11

*United States v. Joyce*,
   895 F.3d 673 (9th Cir. 2018) ..........................................................................................8, 9

*Zinermon v. Burch*,
   494 U.S. 113 (1990) ...........................................................................................................4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7863721.2

## I. INTRODUCTION

A.T.M. Khalid's Second Amended Complaint ("SAC") against Microsoft Corporation ("Microsoft") alleges few new facts. To the extent this complaint differs from its predecessors, it is by repackaging old factual allegations into legal theories that repeat or resemble arguments Mr. Khalid has urged in his motions for reconsideration. The Court has rejected these before and should do so again. Microsoft respectfully requests that the Court dismiss Mr. Khalid's latest complaint. Because further amendment would be futile, Microsoft further requests that dismissal be with prejudice.

## II. BACKGROUND

This case concerns Mr. Khalid's employment agreement with Microsoft. It has an intricate procedural history in this Court and the Ninth Circuit.

### A. Mr. Khalid's First Amended Complaint

Acting pro se, Mr. Khalid filed a Complaint alleging violation of the Sherman Act, Racketeering Influenced and Corrupt Organizations Act ("RICO") (predicated on extortion and forced labor), the Trafficking Victims Protection Act, the Civil Rights Act of 1871, and common-law fraud. Dkt #1 at ¶¶ 92–130, 139–48. He then amended his Complaint to allege another violation of the Civil Rights Act of 1871 and claims for declaratory relief, including a declaration based on RCW 49.44.140. Dk. #7 at ¶¶ 152–179.

The Court summarized the allegations of Mr. Khalid's First Amended Complaint ("FAC") in its Order Granting Defendant Microsoft Corporation's Motion to Dismiss ("September Order"). Dkt. #20. Mr. Khalid took a job at Microsoft and signed an employment agreement on December 19, 2011, with a section labeled "Inventions." Dkt #20 at 2 (quotations omitted). Mr. Khalid agreed to "grant, transfer and assign to [Microsoft] or its designee all [his]

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7863721.2

rights, title and interest" in inventions he produced during his employment. Excluded from this agreement were certain inventions to which Mr. Khalid agreed to give Microsoft "the right of first refusal to obtain exclusive rights." *Id.* (quotations omitted). Another section of the agreement asked Mr. Khalid to attach a list "describing all Inventions belonging to [him] and made by [him] prior to [his] employment with [Microsoft] that [he] wish[ed] to exclude from" the employment agreement. *Id.* (quotations omitted).

Mr. Khalid alleges that he sent a list of nine preexisting inventions to Microsoft's recruiter and resubmitted this list in January 2012 when he signed a hard copy of the employment agreement and noted on it that additional pages were submitted. *Id.* at 3. Among the inventions on Mr. Khalid's list were a mini-cloud subscription service ("Mini Cloud") and a framework to protect computer systems from viruses ("Safe and Secure"). *Id.*

Mr. Khalid worked for Microsoft for about three years. *Id.* During this time, he claims that the United States Patent and Trademark Office issued him patents for the Mini Cloud and Safe and Secure inventions. *Id.* Mr. Khalid alleges Microsoft declined his proposals to monetize the patents. *Id.* Mr. Khalid left Microsoft in February 2015. *Id.*

On February 9, 2015, Microsoft's in-house counsel told Mr. Khalid he had not excluded any inventions from his employment agreement. *Id.* The in-house lawyer stated that Microsoft retained an assignment right in the patents for the Mini Cloud and the Safe and Secure. *Id.* Correspondence continued for months, and on May 27, 2016, Microsoft's outside counsel allegedly asserted that Mr. Khalid had already granted Microsoft a "royalty-free . . . irrevocable, worldwide license" to the inventions. *Id.* at 4 (quotations omitted). Outside counsel proposed to settle the dispute in exchange for a non-exclusive, royalty-free license to the inventions. *Id.* Mr. Khalid alleges that counting on its former employees' reluctance to litigate, Microsoft disregards

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

103475.0008/7863721.2

or destroys its employee's exclusion lists. *Id.*

**B.    The Court's September Order**

The September Order dismissed with prejudice Mr. Khalid's claims for violation of the Trafficking Victims Protection Act, violation of RICO predicated on forced labor, violation of the Civil Rights Act of 1871, and common-law fraud. Dkt. #20 at 22–23. The Court also dismissed with prejudice Mr. Khalid's request for a declaration that Microsoft had violated the Fourteenth Amendment. *Id.* at 22.

The Court granted leave to amend Mr. Khalid's two Sherman Act claims, his RICO claim predicated on extortion, and his requests for declaratory relief based on inequitable conduct and violation of RCW 49.44.140. *Id.* at 22. The Court ordered Mr. Khalid to file his amended complaint by October 4, 2019. *Id.*

**C.    Mr. Khalid's Appeal**

Rather than filing an amended complaint, Mr. Khalid appealed to the Ninth Circuit. Dkt. #21. The Ninth Circuit dismissed the appeal for lack of jurisdiction. *Khalid v. Microsoft Corp.*, No. 19-35841 (9th Cir. Oct. 25, 2019).

**D.    Mr. Khalid's First and Second Motions for Reconsideration**

After dismissal of his appeal, Mr. Khalid filed his first Motion to Reconsider, asking the Court to reverse its decision on the claims dismissed with prejudice and asking for "guidance" from the Court on how to amend the claims dismissed without prejudice. *See, e.g.*, Dkt. # 24 at 20. Roughly two weeks later, Mr. Khalid again asked this Court to reconsider its September Order, labeling his first motion "premature." *See* Dkt. #27 at 2. The second motion was "nearly identical" to the first. Dkt. #28 at 2. The Court denied the motion, noting that the September Order had already considered and rejected many of its arguments. *See, e.g.*, Dkt. #28 at 7.

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

103475.0008/7863721.2

The Court noted that Mr. Khalid had missed the September Order's deadline for filing his amended complaint. Nonetheless, "[i]n the interest of affording a pro se plaintiff the benefit of any doubt," the Court permitted Mr. Khalid to file a Second Amended Complaint within seven days. *Id.* at 10 (quotations omitted).

### E.   Mr. Khalid's Second Amended Complaint

Mr. Khalid filed the SAC on the new deadline. The most recent operative complaint alleges all the claims in the FAC—including those dismissed with prejudice—and almost identical facts. Most of the changes are minor—several paragraphs allege legal or policy background, correct typographical errors, or make stylistic changes. *See* Dkt. #29 at ¶¶ 13, 88. Others pull additional quotations from attachments to prior complaints into numbered allegations. *See, e.g.*, *id.* at ¶¶ 53–54, 59. Mr. Khalid also elaborates on his damages. *Id.* at ¶ 95.

In addition to these changes, the SAC alleges a small handful of new facts. Most add irrelevant detail to existing allegations. At the motion to dismiss stage, these allegations are presumed true. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990).

The SAC alleges that Mr. Khalid's patent applications were filed before he signed the employment agreement and remained unaltered during his time at Microsoft. *See id.* at ¶¶ 27, 30, 32. Mr. Khalid's alleged invention list was two pages long, *id.* at 17, and he noted its attachment to the hard copy employment agreement on the agreement's first page, *id.* at 18.

The SAC further alleges that after he left Microsoft, Mr. Khalid "tendered his patent to Google." *Id.* at 23. Before doing so, Mr. Khalid "wanted to ensure [that] Microsoft [was] not interested in any deal concerning [his] patents." *Id.* Mr. Khalid notified Microsoft of his planned transaction. *Id.* at ¶ 152. Microsoft then made a "demand of free license." *Id.* at ¶ 23, 154. Microsoft's post-employment communications with Mr. Khalid occurred by email. *Id.* at ¶¶ 44,

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 4

103475.0008/7863721.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

47, 53.

The SAC alleges that in the lawsuit between Mr. Khalid and Citrix, Microsoft produced the electronic version of Mr. Khalid's employment agreement, not the hard copy he annotated. *Id.* at ¶ 58. And Citrix invoked a common interest privilege to protect communications between it and Microsoft. *Id.* at ¶¶ 59–60. The SAC goes on to allege that at some point, Microsoft had a vendor agreement with Citrix. "Under the vendor agreement, Microsoft claimed ownership to [the Mini Cloud] and [Safe and Secure] patents because [Mr.] Khalid was a Citrix employee." *Id.* at ¶ 101.

F. **Mr. Khalid's Third Motion for Reconsideration and Motion for Leave to File a Third Amended Complaint**

After submitting his SAC, Mr. Khalid submitted another Motion to Reconsider and request for leave to amend his SAC. Dkt. #30. The Court denied this motion with a minute order. *See* Dkt. #31.

### III. ARGUMENT

The SAC amounts to yet another motion for reconsideration. It alleges few new facts. Instead, it repackages legal arguments from Mr. Khalid's several motions for reconsideration as numbered allegations. Like the FAC, the SAC fails to state a claim upon which relief can be granted. Its key "facts" are really conclusions, and its conclusions do not support cognizable legal theories.

A. **Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quotations omitted). In applying this standard, a court need not presume the

MOTION TO DISMISS SECOND AMENDED COMPLAINT - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

103475.0008/7863721.2

truth of a "legal conclusion couched as a factual allegation." *Id.* (quotations omitted). Rather, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotations omitted). Plausibility requires facts permitting "the reasonable inference that the defendant is liable for the misconduct alleged." A complaint must also be dismissed "when it fails to state a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

**B.    Claims Previously Dismissed with Prejudice**

The SAC re-pleads claims dismissed with prejudice. The Court has denied two motions seeking reconsideration of its dismissal of these claims. Microsoft respectfully requests an opportunity to respond should the Court intend to do anything other than stand on its prior decisions.

**C.    Sherman Act Claims**

The Court dismissed the FAC for failure to allege sufficient factual matter to establish a plausible antitrust claim under either Section One or Section Two of the Sherman Act. The SAC relies on nearly identical facts, embellished only by information pulled from the attachments to the prior complaints and inserted into numbered paragraphs. It suffers from all the same defects as the dismissed FAC.

     **a.    Section One**

The Court dismissed the FAC's Section One claim because it alleged only unilateral conduct by Microsoft and its employees, not "a contract or conspiracy among multiple entities." Dkt. #20 at 7–8. "[A] company cannot conspire with itself," the Court explained. *Id.* at 8.

The SAC attempts to side-step this ruling by framing Mr. Khalid's employment agreement with Microsoft as "a bilateral [a]greement." Dkt. #29 at ¶ 97. But the allegation that

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 6

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7863721.2

Mr. Khalid and Microsoft agreed to his employment is not new. And it fails to state a Section One violation for the same reasons as before. "[O]fficers or employees of the same firm do not provide the plurality of actors imperative for a § 1 conspiracy." *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984); *see also Nat'l Flood Servs., Inc. v. Torrent Techs., Inc.*, No. C05-1350Z, 2006 WL 1518886, at *5 (W.D. Wash. May 26, 2006) ("The Ninth Circuit has never expressly adopted the independent personal stake exception to the general rule that employees cannot conspire with their employer.").

The SAC also seeks to turn previously alleged facts into a claims that (1) Microsoft engaged in "naked price-fixing" by asserting its rights to royalty-free licenses under the employment agreement, Dkt. #20 at ¶ 99; and (2) Microsoft "conspired" with Citrix to "cloud the title" to the Mini Cloud and Safe and Secure patents, either through a letter from Microsoft's outside counsel or through a vendor agreement between Microsoft and Citrix, *id.* at ¶¶ 101–102. Both these conclusory allegations fail.[1]

First, the allegation that Microsoft engaged in "naked price-fixing" fails because it relates to the agreement between Microsoft and its employee. *See Copperweld*, 467 U.S. at 769. There is no "agreement" for antitrust purposes where Microsoft exercises its rights under its employment agreement with Mr. Khalid.

Mr. Khalid's "naked price fixing" claim would fail as conclusory even if the Court were to analyze the licensing agreement outside of the single-entity context. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). The alleged "naked price-fixing" is just a transfer of

---

[1] The SAC also alleges that quick look analysis is appropriate. Even if such a legal contention belonged in a complaint, it would be wrong. Microsoft's alleged conduct is not "a naked restriction on *price* or *output*." *N.C.C.A. v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 109 (1984) (emphasis added); *see also California ex rel. Harris*, 651 F.3d at 1137 (holding quick look analysis inappropriate "for many of the same reasons that per se treatment is not correct").

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

103475.0008/7863721.2

intellectual property rights between vertical parties—an employee and employer—to facilitate employment. Courts presumptively apply the rule of reason standard except in those cases where the alleged agreement or activity is "manifestly anticompetitive" and lacks "any redeeming virtue." *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 886 (2007). The SAC fails to allege how this license is "manifestly anticompetitive" or lacks "any redeeming virtue." *See id.* Indeed, the SAC—like its predecessor—fails to allege any harm to competition. *See* Dkt. #20 at 9.

Second, the SAC's allegations about Citrix also fail. The alleged agreement requires Citrix to transfer ownership to Microsoft of intellectual property produced by Citrix and its employees. Dkt. #29 at ¶ 54. Section One "prohibits only agreements that *unreasonably* restrain trade." *NYNEX Corp. v. Discon, Inc.*, 525 U.S. 128, 133 (1998). Just as the SAC fails to allege the unreasonableness of the agreement between Mr. Khalid and Microsoft, it fails to allege the unreasonableness of the similar agreement between Citrix and Microsoft—hiring a vendor to provide services. *See*, *e.g.*, *Ralph C. Wilson Indus., Inc. v. Chronicle Broad. Co.*, 794 F.2d 1359, 1363 (9th Cir. 1986) (noting that "vertical, non-price restraints . . . are analyzed under the rule of reason standard"); *see also United States v. Joyce*, 895 F.3d 673, 677 (9th Cir. 2018) (listing forms of "horizontal price fixing, division of markets, group boycotts, tying arrangements, and output limitations" as per se antitrust violations).

   **b.  Section Two**

The September Order dismissed Mr. Khalid's Section Two claim because the FAC failed to allege adequately either maintenance of or a dangerous probability of achieving "monopoly power." *Id.* at 8–9. It had alleged only market share without alleging barriers to entry or hyper-competitive pricing that prevented competitors from expanding output. *Id.* at 9. The Court held

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 8

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

103475.0008/7863721.2

that the FAC had also failed to allege willful acquisition or maintenance of monopoly power or that Microsoft acted with specific intent to acquire monopoly power. *Id.*

The SAC makes the same allegations as the FAC—that Microsoft sought to illegally acquire the market power inherent in the Mini Cloud and Safe and Secure patents. The only difference is that the SAC alleges a value for the patent's market. Dkt. #29 at ¶¶ 104-05. This allegation fails to fix the defect in the FAC.

In any case, while "a patent amounts to a permissible monopoly over the protected work," *Image Tech. Servs. v. Eastman Kodak Co.*, 125 F.3d 1195, 1215 (9th Cir. 1997), that does not mean that a patent confers power in the relevant market, *Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 45–46 (2006). As the Court explained in *Illinois Tool Works*, "Congress, the antitrust enforcement agencies, and most economists have all reached the conclusion that *a patent does not necessarily confer market power upon the patentee*. Today, we reach the same conclusion . . . ." *Id.* (emphasis added). A claim related to monopoly power in a "market" defined only by the scope of the patent necessarily fails.

**D.   RICO**

In dismissing the RICO claim, the September Order explained that the FAC did not adequately plead a RICO enterprise, Dkt. #20 at 13–14, nor did it adequately plead a predicate act of extortion, *id.* at 13. Microsoft's communication with Mr. Khalid did not involve threats of violence, force, or fear, the Court held. *Id.* at 13.  The SAC fails to cure either defect.

<u>First</u>, the allegation of "an associate-in-fact enterprise" is no more plausible in the SAC than in the FAC. The only thing that has changed is the name of Microsoft's alleged counterpart. The SAC now alleges that Microsoft formed an enterprise with Citrix.  But the allegations about Citrix are paper-thin—the only pleaded facts are that Microsoft used Citrix as a vendor and that

MOTION TO DISMISS SECOND AMENDED COMPLAINT - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7863721.2

Citrix objected in another lawsuit to a discovery request for all its communications with Microsoft. This is only barely less conclusory than the shadowy allegations in the FAC. *See* Dkt. #7 at ¶¶ 62, 107–11. Nor do the new allegations plausibly allege an association for the alleged purpose of appropriating the Mini-Cloud or Safe and Secure patents. Dkt. #29 at ¶ 108.

<u>Second</u>, this most recent attempt at pleading extortion just multiplies the defects of the FAC by alleging additional facts that do not amount to violence, force, or fear. *See* Dkt. #20 at 13. The extortion allegations in the SAC are of the same flavor as the FAC's—that Microsoft's outside counsel sent Mr. Khalid a letter asserting its rights, Microsoft did not make a severance payment to Mr. Khalid, Citrix threatened litigation against Mr. Khalid, Microsoft did not produce Mr. Khalid's exclusion list in another lawsuit, and Citrix forced Mr. Khalid to litigate. Dkt. #29 at ¶ 109. This elaboration on a theme—that assertion of legal rights against former employees amounts to extortion—does nothing to make the extortion allegation any more plausible.

Racketeering activity includes acts indictable under the Hobbs Act, 18 U.S.C. § 1951, and acts of extortion chargeable under state law. *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014). But "[e]ven if a state labels particular conduct extortion, it cannot qualify as a predicate offense for a RICO suit unless it is capable of being generically classified as extortionate." *Id.* at 843 (quotations omitted). Accordingly, the SAC's reference to additional Washington statutes related to extortion adds nothing. *See* Dkt. #29 at ¶ 110.

The generic definition is "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Id.* (quotations omitted). None of the alleged actions of Microsoft or Citrix meet this definition. RICO does not reach "sending of a prelitigation demand letter to settle legal claims that do not amount to a sham." *Sosa v. DIRECTV,*

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 10

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

103475.0008/7863721.2

*Inc.*, 437 F.3d 923, 942 (9th Cir. 2006); *see also id.* at 939–40. The SAC itself sets forth Microsoft's contractual basis for asserting ownership of the patents. *See* Dkt. #29 at ¶ 14. None of Microsoft's claims—or Citrix's—were shams.

The SAC also expands on what the September Order characterized as a "passing reference to fraud." Dkt. #20 at 12. But while this reference is longer in the SAC, it is no more substantive. There are three elements to wire fraud under 18 U.S.C. § 1343: (1) "the formation of a scheme to defraud," (2) "the use of the mails or wires in furtherance of that scheme," and (3) "the specific intent to defraud." *Eclectic Props. E. v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). When companies engage in facially legitimate conduct "and otherwise act as routine participants in American commerce, a significant level of factual specificity is required to allow a court to infer reasonably that such conduct is plausibly part of a fraudulent scheme." *Id.* at 998. The SAC alleges that Microsoft did not produce Mr. Khalid's hard copy employment agreement in another case to which it was not a party, *id.* at ¶ 58, and that Microsoft and another employee disputed whether the other employee had submitted an exclusion list, *id.* at ¶ 82. These vaguely pleaded allegations fall short of plausibly alleging that Microsoft schemed to defraud the alleged quarter million signatories to its employment agreement. *Id.* at ¶ 89.

**E.     Declaratory Relief**

The September Order held the facial challenge to the "right of first refusal" clause in the employment agreement was "not tied to any actual dispute between the parties and does not rest on any concrete injury that is cognizable." Dkt. #20 at 21. Rather, the Court explained, the dispute concerned whether Mr. Khalid had submitted an exclusion list. The FAC's request for a declaration that Microsoft engaged in "inequitable conduct" was similarly unripe, the Court held. *Id.* The Court instructed Mr. Khalid to "request specific relief . . . based on his own dispute with

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

103475.0008/7863721.2

Microsoft." *Id.* at 22.

First, the SAC falls even further from pleading a ripe dispute about the "right of first refusal." The SAC still does not allege that Microsoft sought to exercise or enforce the "right of first refusal" in the contract. Rather, the new framing of the old facts is that to comply with the "right of first refusal" term, Mr. Khalid approached Microsoft about his desire to tender his patents to Google. *Id.* at ¶ 154. This prompted Microsoft to tell Mr. Khalid it owned the patents. *Id.* Mr. Khalid's own allegations make even more clear that the dispute is about patent ownership and the exclusion list, *not* the right of first refusal. In essence, the SAC contends that Mr. Khalid's obligation to comply with the "right of first refusal" term required him to notify Microsoft that he intended to violate the separate assignment term. *Id.* at ¶¶ 152, 154. It is implausible that Mr. Khalid is harmed when his own studious compliance with one term of the contract makes it harder for him to violate another.

This case is about the exclusion list—not the "right of first refusal." The SAC cannot put the "right of first refusal" term at issue simply because Mr. Khalid does not like the term, where it cannot allege that Microsoft ever sought to exercise and enforce that term. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) ("A lawsuit seeking federal declaratory relief must first present an actual case or controversy . . . . If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary . . . ." (citations omitted)).

Second, almost nothing has changed about the request for a declaration that Microsoft has engaged in inequitable conduct. While Mr. Khalid now requests "[p]ast damages in restitution or other equitable remedy," *id.* at ¶ 195, this does not make his request any less "broad and vague," Dkt. #20 at 20, than the FAC's.

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 12

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7863721.2

**F.      Dismissal with Prejudice**

It is true that "the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). But further amendment here would be futile. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment."). This is Mr. Khalid's third complaint—and he has already requested to submit a fourth. In its October Order and its denial of the Motion for Reconsideration, the Court carefully instructed Mr. Khalid on the defects in his pleading. But rather than offering meaningful additional factual allegations, the latest operative complaint doubles down on rejected legal arguments. The Court would not abuse its discretion by dismissing this case with prejudice.

## IV.  **CONCLUSION**

The SAC—no less than its predecessors—relies on erroneous legal theories and conclusory factual allegations. The vast majority of its new or changed allegations merely reframe existing allegations or reargue points already urged in motions. Microsoft respectfully requests that the Court should dismiss the SAC, and because the Court may do so on the same grounds that it dismissed the FAC, Microsoft further requests dismissal with prejudice.

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 13

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7863721.2

DATED: December 13, 2019

LANE POWELL PC

By */s/Heidi B. Bradley*
Heidi B. Bradley, WSBA No. 35759
Tiffany Connors, WSBA No. 41740
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email:  bradleyh@lanepowell.com
            connorst@lanepowell.com
Attorneys for Microsoft Corporation

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 14

103475.0008/7863721.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States, that on the date listed below, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all CM/ECF participants.

DATED this 13th day of December, 2019, at Seattle, Washington.

*/s/ Heidi B. Bradley*
Heidi B. Bradley

MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 15

103475.0008/7863721.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107