THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ATM SHAFIQUL KHALID, an individual
and on behalf of similarly situated, Xencare
Software, Inc.,

        Plaintiff,

  v.

MICROSOFT CORPORATION, a
Washington Corporation, John Doe.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:19-cv-00130

**REPLY IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED
COMPLAINT**

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7919766.2

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I. Introduction ............................................................................................................. 1

II. Argument ............................................................................................................... 1

    A.    Sherman Act Claims ...................................................................................... 2

        1.    Section One ......................................................................................... 2

        2.    Section Two ......................................................................................... 4

    B.    RICO .............................................................................................................. 5

    C.    Declaratory Relief ......................................................................................... 6

III. Conclusion ............................................................................................................. 8

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7919766.2

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Aetna Life Ins. Co. v. Haworth*,
5
    300 U.S. 227 (1937) ...........................................................................................................7

6

*Boyle v. United States*,
    556 U.S. 938 (2009) ...........................................................................................................5
7

8

*CVD, Inc. v. Raytheon Co.*,
    769 F.2d 842 (1st Cir. 1985) ............................................................................................3

9

*Eclectic Properties East v. Marcus & Millichap Co.*,
10
    751 F.3d 990 (9th Cir. 2014) ............................................................................................6

11

*Freeman v. San Diego Ass'n of Realtors*,
    322 F.3d 1133 (9th Cir. 2003) ..........................................................................................2
12

13

*Illinois Tool Works Inc. v. Indep. Ink, Inc.*,
    547 U.S. 28 (2006) .............................................................................................................5

14

*Image Tech. Servs. v. Eastman Kodak Co.*,
15
    125 F.3d 1195 (9th Cir. 1997) ..........................................................................................4

16

*Int'l Tech. Consultants, Inc. v. Pilkington PLC*,
    137 F.3d 1382 (9th Cir. 1998) ..........................................................................................3
17

18

*Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*,
    551 U.S. 877 (2007) .......................................................................................................2, 3

19

*Lie v. St. Joseph Hosp.*,
20
    964 F.2d 567 (6th Cir. 1992) ............................................................................................4

21

*Newcal Indus. v. Ikon Office Sol.*,
    513 F.3d 1038 (9th Cir. 2008) ..........................................................................................4
22

23

*Principal Life Ins. Co. v. Robinson*,
    394 F.3d 665 (9th Cir. 2005) ............................................................................................7

24

*Rebel Oil Co. v. Atl. Richfield Co.*,
25
    51 F.3d 1421 (9th Cir. 1995) ............................................................................................4

26

*Rick-Mik Enters., Inc. v. Equilon Enters. LLC*,
    532 F.3d 963 (9th Cir. 2008) ............................................................................................5

27

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7919766.2

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*,
   806 F.2d 1393 (9th Cir. 1986) ..................................................................6

*Sever v. Alaska Pulp Corp.*,
   978 F.2d 1529 (9th Cir. 1992) ..................................................................6

*United Bhd. of Carpenters & Joiners v. Bldg. & Const. Trades Dep't, AFL-CIO*,
   770 F.3d 834 (9th Cir. 2014) ...............................................................5, 6

*United States v. E.I. du Pont de Nemours & Co.*,
   351 U.S. 377 (1956) .................................................................................2

-iii-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7919766.2

## I.  INTRODUCTION

A.T.M. Khalid's Second Amended Complaint ("SAC") looks a lot like the First Amended Complaint ("FAC"). This Court dismissed the FAC and should do the same with the SAC. Setting aside irrelevant detail, the SAC alleges only three new facts: First, that Mr. Khalid tendered his patent to Google and notified Microsoft of his planned transaction. Dkt. #29 at ¶¶ 23, 152. Microsoft allegedly responded by demanding a free license from Mr. Khalid. Second, that Microsoft had a vendor agreement with Citrix and that Microsoft claimed ownership of the Mini Cloud and Safe and Secure patents under this agreement. *Id.* at ¶ 101. Citrix allegedly invoked a common interest privilege between it and Microsoft during discovery in another case. Third, that the Mini Cloud patent operated within a $4 billion sub-market. *Id.* at ¶ 104. Mr. Khalid's Response does not identify further factual enhancement. And it makes few arguments focused on the little that is new in the SAC.

Instead, the Response rehashes rejected arguments. For example, the Response argues that the law owes Mr. Khalid special solicitude as an inventor, Dkt. #33 at 4–6; Microsoft could conspire with its own employee, *id.* at 7–10; Microsoft's alleged conduct is subject to quick-look analysis, *id.* at 15–17; and Microsoft's run-of-the mill legal dispute with Mr. Khalid was extortion, *id.* at 17–22. These arguments flout black-letter law in the Court's rulings—and in the cases Mr. Khalid cites.

Resort to old arguments rather than new facts shows that further amendment cannot save Mr. Khalid's claims. Microsoft respectfully requests dismissal with prejudice.

## II.  ARGUMENT

The Response does not urge the Court to accept the re-pleaded claims already dismissed with prejudice. Nor does it contest Microsoft's argument that the Court should dismiss Mr.

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7919766.2

Khalid's request for a declaration that Microsoft engaged in inequitable conduct. And the Court has already decided most of the legal arguments the Response presses. The Court's task, then, is to determine whether Mr. Khalid's three new facts—a Citrix vendor agreement, a tender to Google, or the value of the Mini Cloud—save his antitrust, RICO, and contract declaration claims. They do not.

**A.      Sherman Act Claims**

The SAC's Sherman Act claims must allege, at a minimum: an agreement between multiple economic entities and power in a relevant market (under Section One), and monopoly power in a relevant market (under Section Two). *See Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 885–87 (2007) (explaining application of the rule of reason to a motion to dismiss); *United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377, 391 (1956) (defining monopoly power). The SAC fails to allege these things in even a conclusory way.

**1.      Section One**

The FAC's Section One claim failed to allege "a contract or conspiracy among multiple entities." Dkt. # 20 at 7. The Response insists otherwise about the same allegations in the SAC, asserting that "[Mr.] Khalid didn't have economic unity with Microsoft." Dkt. #33 at 10. But "[t]he single entity rule . . . . applies to a company and its officers, employees, and wholly owned subsidiaries." *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1147 (9th Cir. 2003). This dooms the Section One claims based on the employment agreement. *See* Dkt. # 33 at 8–10, 13–14. Moreover, intellectual property assignments like the one in Mr. Khalid's contract are explicitly permitted under Washington law, *see* RCW 49.44.140, and nothing about the assignment provision represents an *unreasonable* restraint on trade.

The Response seeks to avoid this problem by referring to a vendor agreement between

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7919766.2

Microsoft and Citrix as an alternative basis for Section One liability. But the SAC fails to allege that the Microsoft/Citrix contract was unreasonable. That is fatal. "[Section] 1 outlaw[s] only unreasonable restraints." *Leegin Creative Leather Prods.*, 551 U.S. at 887 (quotations omitted). It was not unreasonable for Microsoft to hire a vendor. Nor was it unreasonable to provide for intellectual property rights in a vendor agreement.

That leaves the Response's argument that Microsoft violated antitrust law by sending Mr. Khalid a letter to dispute his claim about the patents, present Microsoft's own claim, and offer settlement. *See id.* ("We disagree with your allegations that Xbox One infringes the claims of the '637 patent."). But the Response does not argue—nor does the SAC allege—that the letter was an *agreement* for purposes of Section One liability. The Response identifies no allegation that Mr. Khalid or Xencare Software, Inc. agreed to the settlement proposal. *See* Dkt. #33 at 9. Nor does it point to any plausible allegation that Microsoft and Citrix agreed to send the letter. *See id.* at 14–15. The letter was Microsoft's unilateral conduct and cannot form the basis for a Section One claim.

Nor does Microsoft's letter to Mr. Khalid constitute a "threat" in violation of Section One. A defendant violates Section One by threatening litigation only when it is "baseless," *Int'l Tech. Consultants, Inc. v. Pilkington PLC*, 137 F.3d 1382, 1390 (9th Cir. 1998), a standard that requires "bad faith," *CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 851 (1st Cir. 1985). The SAC makes no plausible allegation that Microsoft sent its letter in bad faith, or that it knew its claim was baseless. Nor could it—Microsoft's letter was a good faith response to Mr. Khalid's claim. The Response's argument for Microsoft's bad faith is that, as a large company, it "*should have known*" its response to Mr. Khalid's patent claim "was against patent policy under [the United States Constitution] to provide incentive to inventors." Dkt. # 33 at 14 (emphasis added). It does

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT - 3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

not show bad faith to give insufficient credence to Mr. Khalid's rejected constitutional argument.

Finally, none of the allegations identifies a *per se* violation or one warranting quick look analysis. *See* Dkt. # 32 at 7–8. Accordingly, Mr. Khalid must allege market power, and as explained below, he failed to do so. *Lie v. St. Joseph Hosp.,* 964 F.2d 567, 570 (6th Cir. 1992) ("In the absence of actual detrimental effects to competition or a naked restraint on price or output . . . [a plaintiff] must allege and prove market power to sustain an antitrust action.").

2.      **Section Two**

The court properly dismissed the FAC's Section Two claim because it alleged only market share and not barriers to entry necessary to allege monopoly power. Dkt. #20 at 8–9. The Response ignores this holding, arguing that a large market share "is [a] prima facie showing of monopoly power." Dkt. # 33 at 10. But the Court was correct: "A mere showing of substantial or *even dominant market share* alone cannot establish market power. . . . The plaintiff must show that new rivals are barred from entering the market and show that existing competitors lack the capacity to expand their output to challenge the predator's high price." *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1439 (9th Cir. 1995) (emphasis added).

The Response seeks to sidestep this problem by arguing that the Mini Cloud patent constitutes a relevant submarket over which Microsoft sought to gain a monopoly. Dkt. #33 at 12. A patent is a monopoly, of course. *See Image Tech. Servs. v. Eastman Kodak Co.*, 125 F.3d 1195, 1215 (9th Cir. 1997). But it is not necessarily a monopoly over a relevant market or a submarket actionable under the antitrust laws. Submarkets—like markets—are defined by the availability of substitutes. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1045 (9th Cir. 2008). The SAC alleges nothing about substitutes (or lack thereof) for the Mini Cloud patent. The submarket argument just repackages the argument that the patent is a market. But "a patent does

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT - 4

103475.0008/7919766.2

not necessarily confer market power upon the patentee." *Illinois Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 45 (2006).

Because the SAC alleges only market share and not monopoly or market power, it fails to allege a Section Two violation. It also fails to allege a plausible tying violation under any antitrust statute. "'[I]n all cases involving a tying arrangement, the plaintiff must prove that the defendant has market power in the tying product.'" *Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 971 (9th Cir. 2008) (quoting *Illinois Tool Works*, 547 U.S. at 46) (affirming dismissal). This is true even if the Response's attempted embellishment by citation to Internet sources is considered. *See* Dkt. # 33 at 10–11.

**B.     RICO**

There are two problems with the SAC's RICO allegations: failure to allege a RICO enterprise and failure to allege predicate acts.

The Response contends the SAC alleges an "associate-in-fact enterprise." Dkt. #33 at 17. "[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). The SAC fails to allege the first and third features. The SAC fails to allege any purpose for Microsoft's vendor agreement with Citrix "beyond a typical business relationship." *See* Dkt. #20 at 14. Nor does the SAC allege that the vendor relationship was ongoing when Microsoft committed any alleged predicate act.

A predicate act of extortion must meet the generic definition under federal law. *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014). The Response notes that Washington statutes use of the word "threat," which

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT - 5

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

103475.0008/7919766.2

also appears in the Ninth Circuit's statement of the generic definition. Dkt. #33 at 19. But state-law labels are irrelevant "unless [the particular conduct] is capable of being generically classified as extortionate." *United Bhd. of Carpenters & Joiners*, 770 F.3d at 837. The Response fails to explain how the SAC's allegations about litigation threats fit the generic definition for extortion. Its argument that Microsoft's response to Mr. Khalid's patent claim was a sham is, again, that it ignored Mr. Khalid's "fundamental right the patent clause protects." Dkt. #33 at 20. Failure to predict and heed this novel argument in advance of litigation does not constitute a sham. There is another problem: All of this takes at face value the SAC's allegation that Microsoft made a litigation threat. *See* Dkt. #29 at ¶ 109. But the letter this allegation evidently refers to only responds to Mr. Khalid's own claim of infringement. *See* Dkt. #29-7.

The Response seeks to save the wire fraud allegation by lining up brief and conclusory allegations with the elements stated in *Eclectic Properties East v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). But the Response's description of a scheme is unconnected to the association-in-fact with Citrix. Microsoft "cannot be both the RICO person and the RICO enterprise under section 1962(c)." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir. 1992). This effort also falls short of the "significant level of factual specificity" that case law requires. *Eclectic Props. E.*, 751 F.3d at 997; *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (applying Rule 9(b) to RICO allegations predicated on fraud).

## C.     Declaratory Relief

The SAC requests a declaration invalidating the right-of-first-refusal clause in Mr. Khalid's employment agreement. "[T]he appropriate standard for determining ripeness of private party contract disputes is . . . whether there is a substantial controversy, between parties having

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2005) (quotations omitted). A substantial controversy must be susceptible to "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937). Mr. Khalid would receive no benefit from the declaration he seeks, so his case is not ripe, and the Court lacks jurisdiction under the Declaratory Judgment Act.

The Response argues—as Microsoft's Motion to Dismiss anticipated—that Mr. Khalid's effort to sell his patent to Google shows ripeness. The problem is that the SAC fails to allege Microsoft invoked the *right-of-first refusal* in response. *See* Dkt. 29 at 152, 154. Instead, Microsoft asserted ownership over the patents. *Id.* Because Microsoft claims to own the patents any dispute over the right-of-first-refusal clause is "an abstract or hypothetical disagreement." *Principal Life Ins. Co.*, 394 F.3d at 671. For the same reason, Mr. Khalid's lottery ticket argument fails. *See* Dkt. # 33 at 23. Microsoft receives no benefit from a right to purchase something it already claims to own. Conversely, Mr. Khalid receives no detriment from that irrelevant right. The decision Mr. Khalid seeks will not affect the value of either patent.

The Response makes three additional arguments for the ripeness of the SAC's request for a declaration. Each fails. First, the Response invokes the Constitution. But even if there were a constitutional issue at stake, its mere presence does not make the dispute ripe. Second, the Response argues that Microsoft's demand letter is in the public record. This may be so—Mr. Khalid has attached it as an exhibit to his various complaints—but the SAC alleges no publication of the letter. In any case, the SAC alleges that the letter asserted Microsoft's ownership of the patents, not a desire to purchase them. Third, the Response again invokes the Constitution. But,

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT - 7

103475.0008/7919766.2

again, a constitutional valence does not make a dispute ripe.

### III. <u>CONCLUSION</u>

The Response recites old arguments at the expense of new facts. Even when the Response mentions facts not in the FAC, they are as likely to be beyond the scope of the SAC as within its scope. The few new facts the Response marshals—from the SAC or the Internet—do no more to make Mr. Khalid's allegations plausible than did the facts in the FAC. The Response argues that "repetition argument is premature," Dkt. # 33 at 25, but it is apparent that amendment would be futile. The Court would not abuse its discretion in dismissing with prejudice to permit Mr. Khalid to press his arguments about these and the already-dismissed-with-prejudice claims on appeal.

DATED:  January 10, 2019

LANE POWELL PC

By  /s/Heidi B. Bradley
     Heidi B. Bradley, WSBA No. 35759
     Tiffany Connors, WSBA No. 41740
     1420 Fifth Avenue, Suite 4200
     P.O. Box 91302
     Seattle, WA  98111-9402
     Telephone: 206.223.7000
     Facsimile: 206.223.7107
     Email:  bradleyh@lanepowell.com
     connorst@lanepowell.com
Attorneys for Microsoft Corporation

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT - 8

103475.0008/7919766.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States, that on the date listed below, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all CM/ECF participants.

DATED this 10th day of January, at Seattle, Washington.

*/s/ Heidi B. Bradley*
Heidi B. Bradley

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT - 9

103475.0008/7919766.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107