UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATM SHAFIQUL KHALID, an individual and on behalf of similarly situated, XENCARE SOFTWARE, INC.,<br><br>               Plaintiff,<br><br>      v.<br><br>MICROSOFT CORP., a Washington Corporation, and JOHN DOE *n*,<br><br>               Defendants. | CASE NO. C19-130-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff ATM Shafiqul Khalid's motion entitled "Motion to Reconsider Judgment Order and Leave to Amend," which this Court construes as a motion to alter or amend judgment.  Dkt. #39.  On April 6, 2020, the Court granted Defendant Microsoft Corp. ("Microsoft")'s motion to dismiss with prejudice and without leave to amend. Dkt. #37.  Plaintiff moves the Court to vacate its judgment and stay this case until a separate action in Washington state court is resolved.  For the reasons set forth below, the Court DENIES Plaintiff's motion.

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND JUDGMENT - 1

## II.   BACKGROUND

A full background of this case is not necessary given this Court's previous orders on Plaintiff's claims against Microsoft. Dkts. #20, #37. This action arises out of Plaintiff's dispute with his former employer, Microsoft, regarding an employment agreement he signed when he accepted a position as Senior Program Manager in Microsoft's Bing division ("the Employee Agreement"). The Employee Agreement assigned certain intellectual property rights to Microsoft for inventions Plaintiff developed during his employment at Microsoft starting January 2012 until his termination in February 2015. Dkt. #7 at ¶¶ 17, 21. Plaintiff claims that he provided Microsoft with an invention exclusion list (the "Exclusion List") denoting nine patentable items that should have been excluded from the Employee Agreement. *Id.* at ¶¶ 13, 16, 18.

On January 28, 2019, Plaintiff filed this action against Microsoft alleging eleven claims. Dkt. #1. The Court initially dismissed six of Plaintiff's claims with prejudice: forced labor under the Thirteenth Amendment, a federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claim for forced labor, civil rights claims under 42 U.S.C. § 1983 and § 1985, fraud, and a claim for declaratory relief for a Fourteenth Amendment violation. Dkt. #20 at 22. The Court granted Plaintiff leave to file an amended complaint for his remaining claims under the Sherman Act, RICO, and declaratory relief for violation of RCW 49.44.140 and inequitable conduct.

Plaintiff filed the Second Amended Complaint ("SAC") on November 29, 2019. Dkt. #29. Microsoft moved to dismiss the SAC, Dkt. #32, and the Court granted Microsoft's motion to dismiss with prejudice and without leave to amend. Dkt. #37. In granting dismissal with prejudice, the Court concluded that the SAC largely repeated the claims raised in Plaintiff's First Amended Complaint and failed to remedy the deficiencies identified in the Court's previous order. *Id.*

//

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND JUDGMENT - 2

### III.   DISCUSSION

**A. Legal Standard**

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Id.* Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Plaintiff also moves for relief under Rule 60(b), which provides that a judgment or order may be vacated for any one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) is addressed to the Court's sound discretion. *Civic Ctr. Square v. Ford (In re Roxford Foods)*, 12 F.3d 875, 879 (9th Cir. 1993). Plaintiff does not specify the provision of Rule 60(b) that applies here. *See generally* Dkt. #39. However, because his motion only addresses (a) errors committed by the Court in analyzing his claims; and (b) new documents attached as exhibits, Plaintiff's motion is properly analyzed under Rule 59(e).

1    For the following reasons, the Court finds that Plaintiff has failed to justify the

2    "extraordinary remedy" of vacating the dismissal of his case. *Carroll*, 342 F.3d at 945.

3    **B.  Claims in First Amended Complaint**

4        For the second time, Plaintiff moves the Court to reconsider dismissal of his civil rights

5    claims under 42 U.S.C. §§ 1983, 1985, attempted forced labor under the Trafficking Victims

6    Protection Reauthorization Act, 18 U.S.C. § 1589 *et seq.*, and the timeliness of his fraud claim

7    under RCW 4.16.080(4). *Compare* Dkt. #39 at 7-17 *with* Dkt. #27 at 2-3. Plaintiff repeats many

8    of the arguments raised in his earlier motion for reconsideration, including: (1) Article 1, Section

9    8, Clause 8 of the Constitution affords him special rights as an inventor; (2) inventors comprise a

10   protected class for purposes of claims under Section 1985; (3) a Section 1983 claim against private

11   actors does not require a state nexus; and (4) Microsoft's alleged patent-grabbing scheme amounts

12   to forced labor or attempted forced labor. Dkt. #39 at 7-16. The Court considered and rejected

13   these same arguments in its November 21, 2019 order denying Plaintiff's motion for

14   reconsideration. *See* Dkt. #28 at 4-8. It need not reexamine these arguments and incorporates by

15   reference the analysis set forth in its previous order as to these claims. *See id.*

16       Plaintiff also argues that the Court erred in dismissing his fraud claim as time-barred. Dkt.

17   #39 at 17. While Plaintiff largely repeats arguments raised in his previous motion for

18   reconsideration, *see* Dkt. #27 at 2, he also raises the new argument that his state court action

19   against Citrix triggered equitable tolling on his fraud claim before this Court. Dkt. #39 at 17 ("To

20   defeat Microsoft's new false assertion, Khalid needed to prevail against Citrix in state court

21   litigation"). Plaintiff cannot use a Rule 59(e) motion to argue a theory of the case that could have

22   been presented earlier. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th

23   Cir. 2000)). ("A Rule 59(e) motion may *not* be used to raise arguments . . . when they could

24   reasonably have been raised earlier in the litigation.") (emphasis in original). Accordingly, the

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND JUDGMENT - 4

1    Court will not consider it here.  To the extent Plaintiff raises new arguments as to other claims

2    dismissed from his first amended complaint, the Court likewise considers them untimely.  *Id.*

3    **C.  Claims in Second Amended Complaint**

4        Plaintiff also moves the Court to reconsider dismissal of his claims for declaratory relief,

5    his Sherman Act claims, and his RICO claims.  Dkt. #39 at 18-26.  The Court will address each

6    claim in turn.

7        1.  Right of First Refusal

8        First, Plaintiff argues that the Court failed to address his claim for declaratory relief under

9    paragraphs 43 and 156 of the SAC, Dkt. #39 at 18:

10       43. Plaintiff planned to give some party easy license to his patent in an attempt to
         build his patent portfolio and move on incubation. When parties found that
11       Microsoft had a demand to get free license to all present and future patent family,
         this deterred party investors, which made it impossible for Khalid to financially
12       support his work on his 30 patent portfolio and microdata center ideas.

13       156. RCW 49.44.140 (1) protects an employee patent that falls under the definition
         of RCW 49.44.140(1) and transferring any right associated with such patent to
14       Microsoft is a violation of RCW 49.44.140(1). "the right of first refusal" and
         "exclusive license" is not enforceable and the agreement violated RCW
15       49.44.140(1).

16   Dkt. #29 at ¶¶ 43, 156.  The Court initially dismissed this claim on the basis that Plaintiff failed to

17   allege an actual case or controversy arising from Microsoft attempting to enforce the "right of first

18   refusal" clause.  *See* Dkt. #20 at 21.  The Court found that Plaintiff's Second Amended complaint

19   failed to remedy this deficiency, as it "ma[de] clear that Microsoft never invoked the right of first

20   refusal [under Section 5]—instead, it claimed ownership of his patents because of the missing

21   Exclusion List under Section 6."  Dkt. #37 at 19.  Because an allegedly unconscionable provision

22   in a contract must be implicated in an actual dispute in order to present a "case" or "controversy"

23   under Article III, the Court dismissed Plaintiff's claim.  Dkt. #20 at 21 (citing *Lee v. Capital One

24   Bank*, No. C07-4599-MHP, 2008 WL 648177, at *4 (N.D. Cal. Mar. 5, 2008)).

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND JUDGMENT - 5

Plaintiff moves for reconsideration on the basis that "Microsoft did transfer the right as value to itself as a lottery ticket where such value is non zero." Dkt. #39 at 18.  Again, this argument does not address Plaintiff's failure to allege that Microsoft invoked or attempted to invoke the right.  For that reason, the Court finds no error in its holding that Plaintiff's claim for declaratory relief is merely a "facial challenge to the legality of the 'right of first refusal' clause" that is unripe for adjudication.  Dkt. #20 at 21; *see also* Dkt. #37 at 19.

2.  Sherman Act, Section 1

Next, Plaintiff argues that the Court erred in dismissing his claims under the Sherman Act.  Regarding his Section 1 claim, Plaintiff argues that the Court erred in finding that he failed to sufficiently plead (1) an actionable conspiracy or contract; (2) injury to the market or public welfare; and (3) unreasonable restraint of trade.  Dkt. #39 at 18-21.  For the reasons set forth below, the Court finds no manifest error in its decision.

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce among the several States, or with foreign nations . . . ." 15 U.S.C. § 1.  To state a claim under Section 1, a plaintiff must allege (1) a contract, combination, or conspiracy between two or more entities; (2) in unreasonable restraint of trade; that (3) affects interstate commerce.  *See id.*; *Am. Ad. Mgmt., Inc. v. GTE Corp.*, 92 F.3d 781, 788 (9th Cir. 1996).  Plaintiff identified three "agreements" entered into by Microsoft that allegedly violated Section 1: (a) the Employee Agreement; (b) the vendor agreement with Citrix; and (c) the 2016 M&G letter from Microsoft's outside counsel, either on its own or in combination with the Citrix vendor agreement.  Dkt. #29 at ¶¶ 98-102.

The Court dismissed Plaintiff's claim that the Employee Agreement comprised an "actionable conspiracy" on the basis that the SAC failed to plausibly state that Plaintiff was in a conspiracy with Microsoft.  Dkt. #37 at 7.  Plaintiff argues that the Court erred in finding that he

derived no benefit from the Employee Agreement, since the agreement afforded him a salary. Dkt. #39 at 18-19.  The Court previously identified the logical fallacy of this argument, which requires accepting as true that Plaintiff acted as a co-conspirator with Microsoft—an assertion that contradicts the very nature of his complaint.  *See* Dkt. #37 at 6.  Nothing in the instant motion demonstrates error in the Court's decision.

Plaintiff next argues that the Court erred in finding that he failed to allege injury to the marketplace and unreasonable restraint of trade.  Dkt. #39 at 19-21.  In dismissing his Section 1 claims as to Microsoft's vendor agreement with Citrix and the 2016 M&G letter, the Court concluded that he failed to allege sufficient facts to support a "quick look" analysis.  *See* Dkt. #37 at 9-10.  The instant motion does not meaningfully address the Court's conclusion that the SAC failed to identify cognizable per se restraint of trade, failed to plausibly allege that these agreements comprise one of the four types of price-fixing arrangements recognized by the Ninth Circuit, and failed to provide any market analysis to demonstrate their anticompetitive effects. *See id.*  Instead, it merely repeats his previously dismissed argument that Article 1, Section 8 of the U.S. Constitution sets forth a "constitutional policy" to "promote the Progress of Science and useful Arts" that provides a cognizable basis for a Sherman Act claim.  *See* Dkt. #39 at 19-21. For that reason, Plaintiff fails to demonstrate manifest error in dismissal of his Section 1 claims.

3. *Walker Process* Claim

Plaintiff next argues that the Court erred in dismissing his *Walker Process* claim.  A *Walker Process* claim alleges that a defendant has used baseless litigation to drive out competition.  *See Int'l Techs. Consultants, Inc. v. Pilkington PLC*, 137 F.3d 1382, 1390 (9th Cir. 1998).  The Court found that Plaintiff failed to plead bad faith litigation by Microsoft given that (1) the M&G letter makes no mention of the threat of litigation; and (2) Plaintiff conceded in the complaint that Microsoft "may have misplaced his Disclosure List due to negligent bookkeeping

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT - 7

Case 2:19-cv-00130-RSM   Document 40   Filed 09/21/20   Page 8 of 11

rather than as part of an intentional, fraudulent scheme." Dkt. #37 at 11 (quoting Dkt. #29 at ¶ 83).

The instant motion does not meaningfully address these holdings. First, Plaintiff argues that the timing of the M&G letter, which coincided with his state court action against Citrix litigation, harmed his ability to settle with Citrix and "made *Khalid v Citrix* litigation more than legal threat hurting Khalid's ability to settle with Citrix." Dkt. #39 at 22. This argument pertains to litigation by Citrix, not by Microsoft, and is therefore inapposite. Plaintiff also alleges that Microsoft lacked the power to make a contract in the first instance. *Id.* Again, this argument does not address the relevant issue: Plaintiff's failure to plead baseless litigation by Microsoft.

Next, Plaintiff directs the Court to Microsoft's Employee Agreement with Miki Mullor—another former Microsoft employee pursuing litigation against Microsoft—to argue that Microsoft engaged in a cover-up. *See* Dkt. #39 at 22. As an initial matter, Plaintiff fails to explain how the Mullor documents are either "newly discovered" or "previously unavailable," as required to warrant consideration under Rule 59(e). *Carroll*, 342 F.3d at 945. On this basis alone, consideration of these materials post-dismissal is improper. Moreover, even if the Court were to consider Plaintiff's untimely argument, allegations or evidence from another employee's case against Microsoft does not support a plausible allegation of baseless litigation in this case.

Finally, Plaintiff argues that the Court's reliance on *K-Lath, Div. of Tree Island Wire (USA), Inc. v. Davis Wire Corp.* is misplaced, given that the defendant in *K-Lath* owned the patent whereas Microsoft had no right to Khalid's patent. Dkt. #39 at 22-23 (citing 15 F. Supp. 2d 952, 956–57, 964 (C.D. Cal. 1998)). However, Plaintiff's argument misconstrues the Court's analysis. The Court relied on *K-Lath* for the proposition that a plaintiff must allege threat of litigation—not mere reservation of rights—to sufficiently state a *Walker Process* claim. *See* Dkt. #37 at 12.

For these reasons, Plaintiff has failed to demonstrate manifest error by the Court regarding

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND JUDGMENT - 8

dismissal of his *Walker Process* claim.

4. Sherman Act, Section 2

Plaintiff next argues that the Court erred in dismissing his Section 2 Sherman Act claims. Dkt. #39 at 23. The Court dismissed these claims on the basis that the SAC's "references to a $4 billion market for the '637 patent within a broader $400 billion cloud/gaming market fail to remedy the defects the Court identified in his previous complaint." Dkt. #37 at 13. Specifically, the Court found that Plaintiff "has again only alleged market share without providing market analysis (e.g., barriers to entry or hyper-competitive pricing) or allegations that Microsoft willfully acquired or maintained monopoly power within the submarket rather than as a consequence of superior product, business acumen, or historical accident." *Id.* The instant motion fails to meaningfully address this holding, and instead reiterates references to the "$400 billion market." *See* Dkt. #39 at 23-24. Plaintiff also attaches Exhibit P to offer "additional analysis" of his Section 2 Sherman Act claim and "will add that if amendment is granted." *Id.* at 24. Again, Plaintiff's belated attempt to amend his claims at this stage of the case, after he has been afforded ample opportunity to do so, is not permitted under Rule 59(e). *See Kona Enterprises, Inc.*, 229 F.3d at 890. ("A Rule 59(e) motion may *not* be used to raise arguments . . . when they could reasonably have been raised earlier in the litigation.") (emphasis in original).

5. Racketeering Claims

Lastly, Plaintiff argues that the Court erred in dismissing his RICO claims. Dkt. #39 at 24-25. The Court found that Plaintiff failed to sufficiently plead an enterprise and predicate act and failed to meet the heightened pleading standard for wire fraud. Dkt. #37 at 14-18. As to enterprise, Plaintiff argues that Microsoft's use of the 2016 M&G letter and its vendor agreement with Citrix were "well within 4 years causing the dame [sic] from their operation." Dkt. #39 at 24. Plaintiff's argument fails to meaningfully address the Court's previous analysis: that the SAC

"provide[d] no facts on when Microsoft and Citrix formed the vendor relationship, how long they have maintained this relationship, nor how this timeline corresponds to the alleged predicate acts," and "failed to provide specific facts as to its organization, such as how one company may control, direct, or manage the other, thus leaving the Court to guess the structure of the alleged enterprise." Dkt. #37 at 24.  Because Plaintiff has failed to demonstrate manifest error in the Court's ruling as to enterprise, the Court need not address its analysis regarding predicate acts.

### D.  Miscellaneous Claims and Additional Evidence

Plaintiff also argues that the Court erred in "holding Microsoft merely asserted contact [sic] right rather holding the M&G letter asserted rights without any contractual basis."  *See* Dkt. #39 at 5-6.  It is not readily apparent which of his claims this argument references, and his motion provides no page references.  *See id.*  However, because the Court's dismissal order solely addressed the sufficiency of Plaintiff's claims, not their merits, his argument misconstrues the Court's decision.  *See* Dkt. #37 at 5 (setting forth legal standard for Rule (b)(6) analysis).

Plaintiff also attaches ten exhibits to the instant motion, including a declaration, a proposed amended complaint, Plaintiff's employee record, Miki Mullor's employee agreement with Microsoft and related statements, documents related to Citrix, and documents related to Plaintiff's patents.  *See* Dkts. #39-1 through #39-10.  Again, Plaintiff offers no explanation as to why this information is "new" or why he could not have presented it earlier.  For that reason, Plaintiff improperly uses this post-judgment motion to raise arguments and present facts that "could reasonably have been raised earlier in the litigation."  *Carroll*, 342 F.3d at 945.  The Court will not consider them here.

### E.  Leave to Amend

Finally, Plaintiff argues that the Court should grant him leave to amend his complaint. Dkt. #39 at 24.  The Court initially granted Plaintiff leave to amend and, after review of the SAC,

concluded that further amendment would be futile. *See* Dkt. #37 at 22. Plaintiff has not identified

manifest error by the Court in denying leave to amend.  For that reason, vacating the dismissal

with prejudice to allow further amendment would contravene "the interests of finality and

conservation of judicial resources." *Carroll*, 342 F.3d at 945.   Plaintiff's request is therefore

denied.

## IV.   CONCLUSION

It is hereby ORDERED that Plaintiff's Motion to Alter or Amend Judgment, Dkt. #39, is

DENIED.


DATED this 21st day of September, 2020.



RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND JUDGMENT - 11